IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:04-CR-00034-F-1
No. 5:16-CV-00372-F

| | |
|---|---|
| TONY McMANNON LEWIS, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-29] Tony McMannon Lewis' pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-22]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, the Government's Motion to Dismiss is ALLOWED and Lewis' Motion to Vacate is DENIED.

**I. Factual and Procedural Background**

On January 29, 2004, Lewis was charged in a four-count indictment. *See* Indictment [DE-1]. In all four counts, Lewis was charged with armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d). At Lewis' arraignment, held on April 26, 2004, he pled guilty to Counts One and Two pursuant to a written plea agreement [DE-10]. It was agreed that Counts Three and Four would be dismissed at sentencing. *Id.* at 8.

Lewis' sentencing was held on December 14, 2004. Lewis was determined to be a career offender based on convictions for robbery with a dangerous weapon and armed robbery. *See* PSR at 6-7, ¶¶ 17, 18. Lewis was sentenced to 235 months on Count One and 235 months on Count Two, to run concurrently. *See* Judgment [DE-16]. On December 15, 2004, Lewis filed a

Notice of Appeal [DE-17]. On April 8, 2005, the Fourth Circuit Court of Appeals dismissed Lewis' appeal. *See* April 8, 2005 Order [DE-21].

On June 10, 2016, Lewis filed his *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-22]. Lewis' sole argument is that in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), he was improperly sentenced as a career offender under U.S.S.G. § 4B1.1. Mot. Vacate [DE-22] at 3. On July 21, 2016, the Government filed a Motion to Dismiss [DE-29], arguing that dismissal is warranted under Rule 12(b)(6) of the Federal Rules of Civil Procedure because Lewis has failed to state a claim upon which relief can be granted.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678

2

(2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

### III. Discussion

**Even if *Johnson* applies to the Guidelines, Lewis remains a career offender because his North Carolina convictions for robbery with a dangerous weapon and armed robbery are crimes of violence.**

Lewis challenges his designation as a career offender, based on the Supreme Court's decision in *Johnson*, which addressed whether increasing a defendant's sentence based on the residual clause contained in 18 U.S.C. § 924(e)(2)(B)(ii) violates due process. The residual clause provided that an offense was a violent felony for purposes of § 924(e), if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Court in *Johnson* held that "[i]ncreasing a defendant's sentence under the [residual] clause denies due process of law." 135 S. Ct. at 2557. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that *Johnson* applies retroactively to cases on collateral review.

A career offender under the Sentencing Guidelines is a defendant: (1) who is "at least eighteen years old at the time the defendant committed the instant offense of conviction"; (2) whose instant offense is "a felony that is either a crime of violence or a controlled substance offense"; and (3) who "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

The Guidelines define a "crime of violence" as follows:

[A]ny offense under federal or state law, punishable by imprisonment for a term

3

exceeding one year, that –

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm . . . or explosive material [.]

U.S.S.G. § 4B1.2(a).

Assuming, aguendo, that *Johnson* applies to the Guidelines, Lewis remains a career offender.[1] As for his first predicate offense, Lewis's armed robbery conviction qualifies as a "crime of violence." *See Hallman v. United States*, 3:15-cv-00468-MOC, 2016 WL 593817, at *5 (W.D.N.C. February 12, 2016) ("[T]he offense of armed robbery is (as it must be) a crime of violence."). Because armed robbery is an enumerated crime of violence under the Guidelines, there is no issue of vagueness under *Johnson*. *Id.*

With respect to his second predicate offense, Lewis' conviction for robbery with a dangerous weapon qualifies as a "crime of violence" under the Guidelines. *See United States v. Smith*, 638 F. App'x 216, 218-19 (4th Cir. Jan. 26, 2016) (holding that defendant's North Carolina conviction for robbery with a dangerous weapon was a violent felony under the "force clause" set forth in § 924(e)(2)(B)(i)). Generally, a "crime of violence" and a "violent felony" may be considered interchangeably. *See United States v. McNeal*, 818 F.3d 141, 153 n.9 (4th Cir. 2016) (noting that court decisions interpreting either "crime of violence" or its cousin, the

---

[1] On June 27, 2016, the Supreme granted certiorari in *Beckles v. United States*, 15-8544. The questions presented in *Beckles* include whether *Johnson* applies retroactively to collateral claims challenging sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2). *See* http://www.supremecourt.gov/search.aspx?filename=/docketfiles/15-8544.htm (last accessed September 16, 2016).

4

term "violent felony," are persuasive as to the meaning of the other) (citing *United States v. Williams*, 67 F.3d 527, 528 (4th Cir. 1995)).

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-29] is ALLOWED and Lewis' Motion to Vacate [DE-22] is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (Where a court has rejected the constitutional claims on their merits, a petitioner must demonstrate that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong, but when a court denies relief on procedural grounds, the petitioner must demonstrate that jurists of reason would find it debatable whether the court's procedural ruling was correct.).

SO ORDERED.

This the 3 day of October, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge